UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWANDA WILLIAMS, as Administrator of the Estate of SHANNON BROWN, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 06 C 1243 |
| CITY OF CHICAGO POLICE OFFICER BAEZA, OFFICER JONES, OFFICER DAILY, OFFICER YOUNG, OFFICER PIETRO, OFFICER STASCH, OFFICER HEGER, OFFICER LONG, OFFICER O'DONNELL, UNKNOWN CITY OF CHICAGO POLICE OFFICERS and the CITY OF CHICAGO, ILLINOIS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The following matter is before the Court on the motion of Defendants, City of Chicago Police Officers Baeza, Jones, Pietro, Stasch, Heger, Long, O'Donnell, and Unknown City of Chicago Police Officers, as well as the City of Chicago (collectively referred to as "the Defendants") to dismiss Counts IV-VI, VII-XV, XXV, XXVII, XXIX, XXXVII, XL, VII, and LV of Plaintiff, Lawanda Williams' ("Williams"), First Amended Complaint, as well as the punitive damages request of Counts IV-VI, XXVI-XXVIII, XXXVIII-XLVI and LXVI, and state law attorney's fees request of Counts

XXVII, XXXVIII-XLVI, LVI-LXIV. For the reasons set forth below, the Motion is granted.

## BACKGROUND

The relevant facts are gleaned from the allegations set forth in Williams' First Amended Complaint, which, for present purposes, we are obligated to accept as true.

On March 21, 2005, Shannon Brown ("Brown") was lawfully at an apartment located at 927 W. Wilson Ave., Chicago, Illinois. Officers Baeza, Jones, and Daily arrived at and entered the apartment building. The Officers subsequently approached Brown and, although allegedly unprovoked, pepper sprayed and beat him. The Officers subsequently became aware that Brown swallowed a plastic bag containing narcotics. However, the Officers did not transport him to a medical facility for treatment. Instead, the Officers, along with Officer Young, transported Brown to the Town Hill Station lock-up. Thereafter, Brown became ill and was transported to Thorek Hospital by paramedics where he was pronounced dead on arrival. On April 13, 2005, the Office of the Medical Examiner of Cook County ruled that Brown died from cocaine intoxication which resulted from the breaking of the plastic bag that contained narcotics in Brown's stomach.

On March 7, 2006, Williams filed suit against the Officers and the City of Chicago in her capacity as administrator of Brown's estate, and on March 20, 2006, she

filed a sixty-six count First Amended Complaint. On August 4, 2006, the Police Officers filed the instant Motion to Dismiss. Subsequently, on August 22, 2006, Williams in her response motioned the Court to grant her leave to file a second amended complaint.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, a court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Further, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992). With these principles in mind, we turn to the instant motion.

**DISCUSSION**

As an initial matter, it must be noted that Williams failed to respond to the Police Officers' Motion as it pertains to Williams' Negligence, Assault and Battery, Punitive Damages, or State Law Attorneys' Fees arguments. Although Williams does briefly request that she be granted leave to amend her First Amended Complaint, the present Motion is not the appropriate forum for her to make such a request. Therefore, our consideration of the Police Officers' Motion will be confined to the substantive arguments made by the parties and the allegations set forth in the complaint.

## *1. Williams' Negligence Claims*

In Counts XXV, XXVII, XXIX through XXVII, and XLVII through LV, Williams alleges that each of the Defendants' negligent conduct caused Brown's death. Pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), a public employee "is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton conduct constitutes an aggravated form of negligence and is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210.

Williams' First Amended Complaint clearly alleges that the Defendants acted negligently and without the due care and diligence which a prudent and reasonable individual would have displayed under the circumstances. However, after reviewing the disputed negligence counts in Williams' First Amended Complaint, it is clear the Williams only alleges mere negligence on the part of Defendants and fails to allege the necessary willful and wanton conduct in those Counts. Without such, Williams' Negligence Claims fail. Consequently, Counts XXV, XXVII, XXIX through XXVII, and XLVII through LV of Williams' First Amended Complaint will be dismissed.

### *2. Williams' § 1983 Claims*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 638, 100 S.Ct. 1920 (1980). It is evident from both sets of disputed claims in Williams' First Amended Complaint that Williams alleges that each individual Defendant deprived Brown of his constitutional right to medical attention derived from the Fourteenth Amendment's Due Process Clause. Defendants do not take issue with whether Williams has actually pled her 1983 claims correctly, instead, Defendants argue that Counts VII through XV are duplicated in Counts XVI through XXIV. In contrast, Plaintiff contends that the disputed § 1983 claims are entirely disparate claims seeking different remedies.

Section 1983 is silent on the question whether a decedent's constitutional claims survive his death and on the issue of the appropriate measure of damages. Therefore, the court is to look to the most closely analogous state law to determine survivability and the appropriate measure of damages. <u>Bass by Lewis v. Wallenstein</u>, 769 F.2d 1173, 1188 (7th Cir. 1985). In this case Williams uses both the Wrongful Death Act and the Survival Statute as the vehicles by which she brings her 1983 claims, which, are separate and distinct causes of action. <u>E.g.</u>, <u>Rosa v. Cantrell</u>, 705 F.2d 1208, 1222 (10th Cir. 1982).

Williams seems to argue that § 1983 affords her the ability to allege the same violations of Browns constitutional rights under both causes of action, yet she has failed to afford us with any law to support that notion. While Williams is correct that as the Administrator of Brown's estate, she can bring both Illinois Wrongful Death claims and Survival Act claims, it is unnecessary to allege multiple § 1983 claims under both statutes where the alleged constitutional deprivation is the same. In the instant case, Brown only alleges one constitutional deprivation, namely that Brown's Constitutional right to medical attention was violated. Consequently, because the claims in Counts VII-XV are duplicated in Counts XVI through XXIV, Counts VII-XV will be dismissed.

### *3. Williams' Assault and Battery Claims*

The Defendants contend that Count IV, alleging assault, and VI, alleging battery, should be dismissed because any claims for such torts did not survive Brown's death. "The common law distinction between those actions which survived and those which abated upon the death of a party was based upon the type of injury of which the plaintiff complained. If the interest to be protected was primarily a property interest, then the action survived; however, if the interest was primarily personal, the action was held to abate." Shapiro v. Chernoff, 3 Ill.App.3d 396, 402-403, 279 N.E.2d 454, 458 (Ill.App. 1972). "A second test has also been widely applied to determine whether a specific action survives. If the right asserted in an action is assignable, it has been held that it survives the death of either party." Id.

Williams has presented no authority to indicate that a common law assault and battery claim was assignable, and Brown's interest was clearly a personal one. Consequently, Williams assault and battery claim fails to state a claim on which relief can be granted because they did not survive Brown's death, and are therefore dismissed.

### *4. Williams' Punitive Damages Requests*

The Police Officers contend that Williams' request for punitive damages contained in Counts IV through VI, XXVI through XXVIII, XXXVIII through XLVI,

and LXVI should be dismissed because they are all Illinois State Law claims that do not provide for punitive damages. Williams clearly states that these claims are brought under the Illinois Wrongful Death Act or the Survival Act, and it is well-settled that the Illinois Wrongful Death Act and the Survival Statute do not provide for punitive damages. See Mattyasovszky v. West Towns Bus Co., 61 Ill.2d 31, 37, 330 N.E.2d 509, 512 (Ill. 1975); Ballweg v. City of Springfield, 114 Ill.2d 107, 117, 499 N.E.2d 1373 (Ill. 1986). Consequently, the punitive damages requested in Counts IV through VI, XXVI through XXVIII, XXXVIII through XLVI, and LXVI are dismissed.

### *5. Williams' State Law Attorneys' Fees Requests*

The Police Officers contend that Williams' request for state law attorneys' fees contained in Counts XXVII, XXXVIII through XLVI, and LVI through LXIV should be dismissed because there is no basis entitling Williams to such fees under said claims. "Where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied." Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark, 406 F.2d 118, 120 (7th Cir. 1969). Nowhere in the First Amended Complaint or Williams' Response to the instant Motion is there any suggestion of a contractual, statutory, or other source for the request for attorney's fees. Consequently, Williams' request for

attorneys' fees in Counts XXVII, XXXVIII through XLVI, and LVI through LXIV are dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss is granted.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:     September 13, 2006